

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL ACTION NO. 00-468 |
| MAURICE NEWSUAN,<br>Defendant. | |

FILED
OCT 23 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM & ORDER**

Katz, S.J.                                                          October 23, 2007

Now before the court is a Petition for Revocation prepared by the Probation Office on May 24, 2007, and amended on July 11, 2007. Upon consideration of the submissions of the Government attorney and the Probation Office, and after a hearing, the court makes the following findings of fact and conclusions of law.

**I.      Findings of Fact**

1.  On March 21, 2001, Defendant Maurice Newsuan pled guilty to one count of forgery of a United States judge's signature. On June 28, 2001, this court sentenced Defendant to twenty-one (21) months imprisonment, to be followed by two years of supervised release. As part of his sentence, this court imposed following special conditions on Defendants' supervised release, including:

    a.    <u>Special Condition #2</u>: Defendant shall participate in a program of testing and treatment for drug abuse as directed by the probation officer;

    b.    <u>Special Condition #6</u>: Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and

    c.    <u>Special Condition #7</u>: Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

2. On May 20, 2005, Defendant's supervised release was tolled, with supervision to recommence upon his release from custody. Supervision of Defendant's release recommenced on April 4, 2007.

3. On May 15, 2007, Defendant failed to keep an appointment with a staff doctor for a physical required to commence outpatient drug treatment.

4. Defendant failed to notify the probation officer that he no longer resided at 5105 Roosevelt Boulevard, Philadelphia, PA.

5. Defendant tested position for cocaine use on April 10 and 30, 2007, as well as on May 4, 2007. He also failed to report for random drug testing on April 25, 2007, and May 1, 11, and 14, 2007.

6. As a condition of release, Defendant must refrain from committing another Federal, state or local crime.

7. On June 26, 2007, Defendant was arrested by the Philadelphia Police Department and charged with attempted burglary, criminal trespassing and entering structure, possession of instrument of crime, criminal mischief and loitering and prowling at nighttime.

8. On August 29, 2007 in the Philadelphia Municipal Court, the charges for Defendant's June 26, 2007 arrest were discharged due to a lack of prosecution.

## II. Conclusions of Law

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). See 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense, Defendant's history and characteristics, and the need for the sentence to punish, deter, incapacitate, and rehabilitate. See 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. See id.

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that Defendant has committed the violations alleged, the court may alter the terms of supervised release. The court may release and discharge Defendant, revoke supervised release, or order electronic monitoring. See 18 U.S.C. § 3583(e)(1)-(4).

3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court must consider in addressing modification of supervised release. See United States v. Schwegel, 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. As a result of Defendant's failure to keep the appointment for his physical in violation of Special Condition #2, this court FINDS that Defendant has committed a Grade C violation of the terms and conditions of his supervised release. See U.S.S.G. § 7B1.1(a)(3)(B).

5. As a result of Defendant's failure to notify the parole officer of his change in address at least ten days in advance in violation of Special Condition #6, this court FINDS that Defendant has committed a Grade C violation of the terms and conditions of his supervised release. Id.

4

6. As a result of Defendant's testing positive for cocaine use and failure to report for random drug testing in violation of Special Condition #7, this court FINDS that Defendant has committed a Grade C violation of the terms and conditions of his supervised release. Id.

7. Given that the charges from Defendant's June 26, 2007 arrest were discharged due to a lack of prosecution, this court finds that the state has NOT proven by a preponderance of the evidence that Defendant has committed a state or local crime. Therefore, this court does NOT find that Defendant committed a Grade A violation of the terms and conditions of his supervised release. See U.S.S.G. § 7B1.1(a)(2).

8. Where there is more than one violation of the conditions of supervision, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). Thus, Defendant has committed a Grade C violation of the terms and conditions of his supervised release.

9. Should the court choose to revoke Defendant's supervised release rather than modify its terms, the recommended range for a Grade C violation is eight to fourteen months of imprisonment, as Defendant's criminal history category is VI. See id. §§ 7B1.1(b), 7B1.4(a). The statutory maximum

        term of imprisonment upon revocation is two years, as Defendant's original offense was a Class D felony. <u>See</u> 18 U.S.C. §§ 3583(e)(3), 3559(a)(3).

10. Upon consideration of 18 U.S.C. § 3553(a), this court revokes Defendant's supervised release and imposes a sentence of twelve (12) months.

11. The court will also impose a term of supervised release following the conclusion of this sentence. The length of such a term may not exceed the term of supervised release authorized by statute for Defendant's original offense, less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). As the term of supervised release authorized by statute for Defendant's original offense is three years, this court will impose a term of two years of supervised release following the conclusion of Defendant's twelve (12) months of imprisonment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MAURICE NEWSUAN, <br> Defendant. | CRIMINAL ACTION NO. 00-468 <br><br> FILED <br> OCT 23 2007 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

## O R D E R

**AND NOW**, this 23rd day of October, 2007, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. Defendant's supervised release is **REVOKED**;

2. Defendant is committed to the custody of the Bureau of Prisons for a term of twelve (12) months; and

3. There shall be a two-year term of supervised release after defendant's release from imprisonment.

BY THE COURT:

_____
MARVIN KATZ, S.J.

10/23/07
cc: TAYLOR - AUSA
    WILSON, ESQ
2cc: USM
     PROBATION
     PRETRIAL